**Dennis A. YOST, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
Respondent.

No. 00–3280.

United States Court of Appeals,
Federal Circuit.

Feb. 9, 2001.

Before MICHEL, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

Dennis A. Yost petitions for a review of a dismissal by the Merit Systems Protection Board ("MSPB" or "Board") of his Individual Right of Action. The administrative judge's initial decision, *Yost v. Dep't of Health and Human Servs.*, 85 M.S.P.R. 273 (1999), became the final decision of the Board on February 23, 2000. *Yost v. Dep't of Health and Human Servs.*, 85 M.S.P.R. 273 (Feb. 23, 2000). The administrative judge dismissed Yost's appeal for lack of jurisdiction, finding that Yost failed to make a non-frivolous allegation of either a protected disclosure or an adverse action within the meaning of the Whistleblower Protection Act ("WPA"). The Board affirmed, as modified, the initial decision, finding that although the administrative judge had failed to advise Yost of his jurisdictional burden, the error was not prejudicial because Yost was put on notice of his jurisdictional burden by the agency's motion to dismiss. We *affirm*.

## BACKGROUND

This appeal stems from the fact that, while employed by the agency, Yost wanted to engage in outside employment to provide computer services to a local Indian tribe. The agency refused Yost's request to engage in outside employment. After filing a complaint with the Office of Special Counsel,[1] Yost appealed to the Board, alleging that the agency took six personnel actions against him because of protected disclosures. According to the administrative judge, the alleged protected disclosures included: showing his supervisors the Standards of Ethical Conduct for government employees; telling his supervisors that he could find no law or regulation that would prohibit his engaging in the requested outside employment; and telling other agency officials his opinion that no law or regulation prohibited his outside employment.

Upon Yost's appeal to the Board, the administrative judge issued a standard acknowledgment order. The agency then filed a motion to dismiss, claiming that the Board lacked jurisdiction over the appeal because Yost's allegations did not involve matters related to his federal employment. More specifically, the agency contended that Yost failed to make a protected disclosure, and that he was not subjected to any personnel action cognizable under the WPA. Yost responded, challenging the agency's assertion that his pursuit of outside employment would have resulted in a conflict of interest, and insisting that he would be able to establish his whistleblower claims at the hearing he had requested.

The administrative judge found that Yost had failed to make a non-frivolous allegation of a protected disclosure because he cited no law, rule, or regulation

---

1. The Office of Special Counsel closed its inquiry into Yost's complaint after finding that his complaint did not concern a federal employment matter because the agency's decisions did not affect his current federal employment status.

requiring his supervisor to agree to the request for outside employment, and no law, rule, or regulation violated by her denial of that request. The administrative judge further found that Yost did not suffer any reprisal within the meaning of the WPA for his alleged protected disclosures. As a result, she dismissed the appeal for lack of jurisdiction.

Yost petitioned for review by the full Board, arguing that the administrative judge failed to set forth what a protected disclosure is, or what he had to show in order to make a non-frivolous allegation of Board jurisdiction. The Board granted Yost's petition for review, but affirmed the initial decision as modified, dismissing Yost's appeal for lack of jurisdiction. The Board found that although the administrative judge had failed to provide Yost with explicit information regarding what was required to establish jurisdiction, the failure was not prejudicial because the agency's motion to dismiss put Yost on notice of what he needed to allege to establish jurisdiction.

Yost petitions this court for review of the Board's dismissal of his appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

### A. Standard of Review

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed.Cir. 1998).

### B. Analysis

■ To establish a prima facie case of retaliation for whistleblowing activity, Yost must show both that he engaged in whistleblowing activity by making a disclosure protected under 5 U.S.C. § 2302(b)(8), and that his protected disclosure was a contributing factor in a personnel action. 5 U.S.C. §§ 1221(e)(1), 2302(b)(8). A protected disclosure is a disclosure which an employee reasonably believes evidences "(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8) (1994).

■ The administrative judge considered three protected disclosures alleged by Yost: (1) showing his supervisors the Standards of Ethical Conduct for government employees; (2) telling his supervisors that he could find no law or regulation that would prohibit his engaging in the requested outside employment; and (3) telling other agency officials his opinion that no law or regulation prohibited his outside employment. It appears that Yost also alleged a fourth protected disclosure of arguing to his supervisors that the existing agency policies were outdated and illegal. The administrative judge did not address this alleged disclosure.

■ It is important to the maintenance of high standards of accountability and honesty within the federal government that government employees who become aware of corruption, abuses and other wrongdoing speak out without fear of retribution. In this regard, the Whistleblower Protection Act of 1989 is intended to protect government employees who expose such improprieties in the workplace. Disagreements, no matter how strongly felt between employees and supervisors over

the interpretation or applicability of various policies within the workplace, will not trigger the protection mechanisms of the WPA in the absence of any disclosure of (i) a violation of law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. By merely showing his supervisors the Standards of Ethical Conduct for government employees, telling his supervisors that he could find no law or regulation that would prohibit his engaging in the requested outside employment, and telling other agency officials his opinion that no law or regulation prohibited his outside employment, Yost did not disclose (i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety as contemplated by the WPA.

Yost's disclosures were nothing more than his interpretation of agency rules as he believed they should apply to his request for approval of outside employment. The fact that Yost's supervisors disagreed with Yost's view of the rules and regulations in denying his request did not convert that difference of opinion into a protected disclosure of government wrongdoing.

Further, although Yost now alleges that denial of outside employment was an abuse of authority by his supervisor, the disclosure of such an abuse of discretion is not protected because, as this court stated in *Herman v. Department of Justice*, 193 F.3d 1375, 1379 (Fed.Cir.1999), the WPA was not intended to apply to disclosure of trivial or de minimis matters. Yost's disclosure of an abuse of discretion by his supervisor does not relate to a "substantial and specific danger to the public health or safety" as contemplated by Congress in creation of the WPA, and thus is not protected under the WPA. *Id.*

The administrative judge did not address Yost's alleged disclosure that the existing policies were outdated and illegal, which is arguably a disclosure of a violation of law. However, this is also a trivial or de minimis matter not protected under the WPA. Because Yost failed to allege any protected disclosures, he has not established a prima facie case under the WPA. *See* 5 U.S.C. § 2302(b)(8) (1994).

■ Yost also alleges that he has never been properly informed of his jurisdictional burden. On review, the full Board found that the administrative judge's acknowledgement order failed to inform Yost of the requirements to establish jurisdiction,[2] including notice that he must produce factual evidence to support his entitlement to a jurisdictional hearing. These requirements are set forth in *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643–44 (Fed.Cir.1985). In addition, the acknowledgment order did not advise Yost that his appeal would be dismissed without a hearing if he did not set forth facts which, if proven, would establish the Board's jurisdiction. The Board further found that the administrative judge's error was magnified by Yost's *pro se* status. However, the Board ultimately found that the administrative judge's error was not prejudicial because the agency's motion to dismiss put Yost on notice of the Board's jurisdictional requirements. We agree. The motion to dismiss set forth *Geyer* and its requirements for jurisdiction, and set forth that Yost must prove that a person-

---

**2.** The acknowledgement order did not set forth the MSPB's requirements for jurisdiction as stated in *Geyer v. Department of Justice*, 63 M.S.P.R. 13, 16–17 (1994), and did not define a protected disclosure or a personnel action, or refer Yost to the proper statutory authority.

nel action was taken or threatened in response to the protected disclosure. The failure of the administrative judge to provide Yost with explicit information in the acknowledgement order was harmless error because the agency's motion to dismiss supplied that information and specifically put Yost on notice of what he needed to allege to establish jurisdiction.

Because Yost failed to establish a prima facie case under the WPA, the Board's dismissal of Yost's appeal for lack of jurisdiction is affirmed.