NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3081

RICHARD A. DAIGLE,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED:  July 8, 2005

_____

Before MICHEL, Chief Judge, LOURIE, and PROST, Circuit Judges.

PER CURIAM.

Richard A. Daigle petitions for review of a final decision of the Merit Systems Protection Board ("Board"), which reversed an initial decision of an administrative judge and sustained Mr. Daigle's removal by the Department of the Air Force ("Air Force"). See Daigle v. Dep't of the Air Force, No. BN0752040010-I-1 (M.S.P.B. Oct. 21, 2004) ("Final Decision").  We affirm.

BACKGROUND

The Air Force proposed to remove Mr. Daigle from his position as a Supply Technician at New Boston Air Force Station in New Hampshire.  In a Notice of Proposed Removal, the Air Force stated that removal "is based on your failure to have a

valid driver's license, which is a condition of employment for your position." In the same document, the Air Force also stated: "Because you fail to have a valid driver's license, you cannot effectively function in your position in this organization." In its decision letter informing Mr. Daigle of his removal, the Air Force stated: "Since you do not have a valid driver's license, you do not meet a condition of employment for your position. This finding warrants your removal."

Mr. Daigle appealed his removal to the Board. In an initial decision, an administrative judge concluded that the Air Force was required to prove (1) that Mr. Daigle failed to maintain a condition of employment in the form a valid driver's license and (2) that Mr. Daigle could not effectively function in his position within the organization without a valid driver's license. As support for the second requirement, the administrative judge cited both the Notice of Proposed Removal and Benally v. Department of the Interior, 71 M.S.P.R. 537, 539 (1996). After reviewing the evidence, the administrative judge concluded that the Air Force did not meet its burden in proving that Mr. Daigle could not effectively function in his position without a valid driver's license and therefore reversed the Air Force's decision. See Daigle v. Dep't of the Air Force, No. BN0752040010-I-1 (M.S.P.B. Jan. 13, 2004).

The Air Force filed a petition for review with the Board. The Board granted the petition, reversed the initial decision, and sustained Mr. Daigle's removal in a final decision. After reviewing the contents of the Notice of Proposed Removal, the Board disagreed with the administrative judge and found that the Air Force was required to prove only that Mr. Daigle failed to meet a condition of employment in order to sustain its charge. The Board went on to find that the Air Force proved its charge, that a nexus

exists between the sustained misconduct and the efficiency of the service, and that removal is within the bounds of reasonableness for the sustained charge. See Final Decision.

Mr. Daigle petitions for review of the final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review of Board decisions is circumscribed by statute. We may only review the record and set aside any agency action, findings, or conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). When, as here, the decision of the Board in a final decision differs from that of the administrative judge in an initial decision, we engage in a more searching scrutiny of the record. O'Keefe v. U.S. Postal Serv., 318 F.3d 1310, 1313 (Fed. Cir. 2002).

Mr. Daigle first alleges that the Board acted arbitrarily and capriciously when it stated that "[t]he deciding official also described the nature of the appellant's driving responsibilities and explained that the agency's very limited manpower required other employees to take time from their assigned duties to perform the appellant's driving responsibilities." Mr. Daigle essentially argues that the Board usurped the authority of the administrative judge to make credibility determinations based on testimony of witnesses, including the deciding official, and that this finding of the Board conflicts with the administrative judge's findings.

It is well settled that the Board may substitute its own decision for that of an administrative judge either on the facts or on the law. Deference, however, must be given to the administrative judge's credibility determinations. Connolly v. Dep't of Justice, 766 F.2d 507, 512 (Fed. Cir. 1985) ("the board is free to substitute its judgment for that of one of its presiding officials, . . . with deference of course to the presiding official on any issues of credibility"). It is sufficient to note that, in this case, the Board did not reject any credibility determinations made by the administrative judge. In fact, the administrative judge stated that "the case really had no major credibility issues."

Mr. Daigle next argues that the Board erred by not following Benally. According to Mr. Daigle, that case holds that an employee can be removed if he loses his license, but only if the employee's position requires substantial travel and a number of assignments are not completed because of the inability to travel due to the lack of a license. Mr. Daigle believes the Board changed the relevant test from "substantial travel" and "incomplete assignments" to some evidence of other employees being required to take time from their assigned duties to perform unassigned driving responsibilities. Furthermore, Mr. Daigle points out that the administrative judge found the amount of time diverted to driving responsibilities to be insubstantial.

Even if we were bound by Benally, which we are not, see Jensen v. Dep't of Transp., 858 F.2d 721, 724 (Fed. Cir. 1988), Benally did not create such a strict, universally applicable test to be applied when an agency proposes to remove an employee for failing to maintain a valid driver's license. In Benally, an employee argued that because an agency initially accommodated the employee's inability to drive for a few months due to a revoked license, the agency was obligated to continue to

accommodate the employee until his license was returned a year later. Benally, 71 M.S.P.R. at 539-40. To reject the employee's argument, the Board, among other things, noted that the employee's duties included a substantial amount of travel and that the employee's inability to travel resulted in a number of assignments not being completed. Id. Thus, in that case the amount of travel and missed assignments were only relevant to whether the agency had a duty to continue accommodating the employee's lack of a valid driver's license. Here, in contrast, the Air Force has chosen not to accommodate Mr. Daigle's lack of a valid driver's license.

Furthermore, the Board's conclusion that the Air Force was only required to prove that Mr. Daigle failed to maintain a condition of employment was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. We agree with the Board that the language in the Notice of Proposed Removal concerning Mr. Daigle's inability to effectively function in his position without a valid driver's license appears to concern both the required nexus between the misconduct and promotion of the efficiency of the service and the appropriate penalty. Thus, the Air Force was only required to show that Mr. Daigle failed to maintain a valid driver's license, and it is irrelevant that the administrative judge found the amount of time diverted to driving responsibilities to be insubstantial.

Mr. Daigle also contends that the penalty of removal exceeds the bounds of reasonableness because the administrative judge only identified two required driving trips over the course of fifteen months and determined that Mr. Daigle missed no trips due to the loss of his license. According to Mr. Daigle, "[w]ith no discernable impact on the agency, the decision to terminate cannot be within the limits of reasonableness."

05-3081 5

Neither the Board nor this court decides what penalty an agency should have chosen. See Hayes v. Dep't of the Navy, 727 F.2d 1535, 1540 (Fed. Cir. 1984). Instead, both have a duty to decide whether the agency has selected a penalty within the "tolerable limits of reasonableness." Mitchum v. Tenn. Valley Auth., 756 F.2d 82, 84 (Fed. Cir. 1985). In this regard, we have stated that we "cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness." Dominguez v. Dep't of the Air Force, 803 F.2d 680, 684 (Fed. Cir. 1986).

We see no error in the decision of the Air Force to remove Mr. Daigle or in the judgment of the Board to affirm the Air Force's penalty determination. Mr. Daigle neither contests the Board's conclusion that he failed to maintain a valid driver's license nor the Board's holding that the maintenance of a valid driver's license was a condition of his employment. Because Mr. Daigle failed to maintain a condition of his employment, we cannot say that the Air Force's penalty decision is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion or that substantial evidence in the record does not demonstrate the reasonableness of the penalty.

Finally, Mr. Daigle points out that the final decision of the Board issued long after the time his driving privileges were due to be restored. This situation, however, does not require us to reverse the Board's decision. See Benally, 71 M.S.P.R. at 540 (finding no error when an administrative judge did not consider the time remaining before an

employee's license was scheduled to be reinstated because "the agency acted long before the appellant was scheduled to have his license returned").

## CONCLUSION

For the foregoing reasons, we affirm the final decision of the Board sustaining Mr. Daigle's removal by the Air Force.