## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BONITA J. KING,
                    Appellant,

            v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
AT-0353-13-2147-I-1

DATE: August 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kim G. Sims</u>, Memphis, Tennessee, for the appellant.

<u>Lori L. Markle</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

2

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly modified by this Final Order as to the jurisdictional requirements for restoration appeals brought by employees who have partially recovered from a compensable injury, we AFFIRM the initial decision.

## BACKGROUND

¶2      As set forth in the initial decision, the following information is not in dispute:  the appellant was a Mail Processing Clerk; due to an on-the-job injury that occurred in 2006, she was thereafter unable to perform the duties of that position; on September 22, 2012, the appellant accepted the agency's offer of full-time limited duties; the appellant performed those duties from that time until she retired in January 2013.  Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 2.  In August 2013, the appellant filed a Board appeal.  IAF, Tab 1.  In response to the administrative judge's Order requiring her to explain how the Board had jurisdiction over her appeal, the appellant stated that "she was never made whole or paid after being told not to report back to work until further notice on April 27, 2011, thru September 22, 2012."  IAF, Tabs 4, 7.

¶3      In response to the appellant's jurisdictional submission, the agency provided documents showing that:  (1) the agency provided the appellant a variety

of limited duty assignments from 2006 to 2011; (2) on or about April 1, 2011, the agency offered the appellant another limited duty assignment, which the appellant rejected, asserting that the assignment violated her medical restrictions in that the work hours were at night; (3) on April 12, 2011, the agency's Occupational Health Nurse Administrator wrote a letter to the appellant's treating physician asking him to clarify why the appellant's medical condition (carpal tunnel syndrome) necessitated a medical restriction of daytime work hours, but received no reply; (4) on April 27, 2011 the agency offered the appellant limited duty work during the hours of 9:30 p.m. to 6:00 a.m., which the appellant rejected as being out of her medical restrictions; (5) also on April 27, the agency issued the appellant a letter stating that, because she had refused the assignment, she should not report back for duty unless she accepted the assignment or was notified that a revised modified assignment was available; (6) the appellant subsequently raised the same issues as in the instant appeal in three other forums:  with the Office of Workers' Compensation Programs (OWCP), in an equal employment opportunity complaint, and in a grievance; (7) the OWCP determined that there was no medical reason that the appellant needed to work during daytime hours; (8) on May 29, 2012, the agency received a letter from the appellant's physician that stated that the appellant needed to take medication between 6:00 p.m. and 9:00 p.m., and that this necessitated daytime work hours; and (9) on September 12, 2012, the agency offered the appellant a limited duty assignment during daytime hours, which she accepted.  IAF, Tab 10.  The agency contended that the appellant was not asserting that the agency refused to restore her to duty, but was complaining about the details of her limited duty assignment, and cited precedent indicating that such complaints are not within the Board's jurisdiction. *Id.* at 8-9.

¶4      In the initial decision, the administrative judge stated that, to establish jurisdiction over a restoration claim brought by a partially recovered employee such as the appellant, the appellant must allege facts that, if proven, would show

that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious. ID at 2-3. The judge found that the appellant had established elements (1) and (2), but had not established elements (3) or (4). Regarding item (3), the judge found that the appellant made clear that her essential complaint was that the agency did not adequately compensate her following her restoration to full-time duty in September 2012, and that the Board's jurisdiction extends only to denials of jurisdiction and does not extend to complaints as to the details or circumstances of a restoration. ID at 4. The judge additionally found that the appellant failed to allege any circumstances that would tend to show that the agency's actions were arbitrary and capricious. ID at 4-5.

## ANALYSIS

¶5      In her petition for review, the appellant contends that the administrative judge erred in that he did not set out the jurisdictional requirements prior to issuing the initial decision. Petition for Review (PFR) File, Tab 1 at 3. Unfortunately, this contention is true. It is well established that an administrative judge must provide an appellant with explicit information as to what is required to establish jurisdiction. *Yost v. Department of Health & Human Services*, 85 M.S.P.R. 273, ¶ 7 (2000) (citing *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985)), *aff'd*, 4 F. App'x 900 (Fed. Cir. 2001). Nevertheless, a judge's failure to properly inform an appellant of the Board's jurisdictional requirements does not require remand where the appellant is put on notice by the agency's pleadings as to what he must do to establish jurisdiction. *Yost*, 85 M.S.P.R. 273, ¶ 9; *Johns v. Department of Veterans Affairs*, 83 M.S.P.R. 345, ¶ 6 (1999). Moreover, a judge's error in dismissing an appeal for lack of jurisdiction without first issuing an adequate show-cause order is not prejudicial

to the appellant's rights when the initial decision sets out the jurisdictional elements and the Board fully considers the appellant's jurisdictional arguments on review. *Yost*, 85 M.S.P.R. 273, ¶ 9. Both of these qualifications apply in this case, as the agency's motion to dismiss set forth the jurisdictional elements for a partial recovery restoration appeal under 5 C.F.R. § 353.304(c), as did the initial decision. *See* IAF, Tab 6; ID at 2-3.[2] We therefore consider whether the appellant has established the requisite jurisdictional elements on review.

¶6　　　The appellant has not established either of the jurisdictional elements in question on review. As the administrative judge observed, the gravamen of the appellant's assertions is not that she was denied restoration but that she did not receive what she considered to be full compensation when she was restored to duty in 2012. Even if the agency's April 2011 letter instructing the appellant not to report back for duty unless she accepted the offered duty hours or was notified that a revised modified assignment was available could be characterized as a denial of restoration, she has offered no evidence that such denial was arbitrary and capricious, as discussed below.[3]

¶7　　　As detailed above, the only reason that the appellant did not receive a limited duty assignment in April 2011 was that she rejected the agency's offer on the ground that her medical limitations precluded her from working night shift hours. As the agency had no record of such a medical limitation, it sought evidence from her treating physician that such a medical limitation existed. No such evidence was provided until May 2012, after which a limited duty

---

[2] The appellant points out that the initial decision misstated the burden of proof for establishing jurisdiction. PFR File, Tab 1 at 4. The initial decision stated that all that is required to establish jurisdiction is to make nonfrivolous allegations of the four jurisdictional elements, when in fact these elements must be proven by preponderant evidence. *See Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 10 (2012). This error did not harm the appellant, however, as it understated the jurisdictional requirements she was required to meet.

[3] We note that an appeal of the agency's actions in April 2011 would have been untimely filed by about 2 years.

assignment was promptly offered.  The appellant has submitted no evidence that the agency acted arbitrarily and capriciously in handling her request for restoration.

¶8        Finally, the appellant asserts that she has "new evidence" to support her claim, which consists of a step 3 grievance form dated November 14, and December 6, 2012.  PFR File, Tab 1 at 3, 7-8.  The appellant has made no showing that this document, which was executed in 2012, was previously unavailable despite her due diligence prior to the issuance of the initial decision on September 16, 2013.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.