# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JAMES P. CAMPION,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DOCKET NUMBER<br>DC-3443-15-0321-I-1<br><br><br>DATE: August 7, 2015 |

# THIS ORDER IS NONPRECEDENTIAL[1]

James P. Campion, Bethesda, Maryland, pro se.

Letitia Byers, Esquire, Washington, D.C, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal from his nonselection for a development program. For the reasons discussed below, we GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## BACKGROUND

¶2      The appellant, a preference-eligible veteran, has a career appointment as a Chief Information Officer, GS-0391-15, with the Department of Defense. Initial Appeal File (IAF), Tab 1. On or about December 1, 2014, he submitted an application for the agency's Senior Executive Service (SES) Candidate Development Program (CDP).[2] *Id.* The vacancy announcement indicated that "all groups of qualified individuals within the Federal service" were invited to apply. *Id.* The announcement further explained that, to be considered minimally eligible, an applicant must have experience at the GS-15 level (or equivalent), and 1 year of supervisory experience. *Id.* The announcement indicated that status applicants, i.e., applicants serving under career or career-type appointments within the civil service, were not entitled to veterans' preference. *Id.* As instructed, the appellant submitted his résumé and a current Standard Form 50. *Id.* He also submitted a Certificate of Release or Discharge from Active Duty (a DD-214), although only nonstatus applicants seeking veterans' preference were invited to do so. *Id.*

¶3      On December 30, 2014, the agency issued a Notice of Results (NOR), informing the appellant that his application had been reviewed and he had been determined to be ineligible for the CDP. *Id.* The NOR included the rating code "IAOC," indicating that the appellant could not be referred for the position because he was outside the "area of consideration." *Id.* The NOR did not

---

[2] Although listed as series and grade GS-0301-00, the SES CDP is not a position per se, but a training program "designed to develop the talents and skills of individuals with executive potential in order to create a cadre of candidates who can assume senior management positions at the SES-level as vacancies occur." IAF, Tab 1. Participation does not guarantee placement in an SES position. *Id.* Participants holding Federal status remain in their full-time position of record while completing program requirements. *Id.*

indicate on what basis the appellant had been found to be outside the area of consideration.  *Id*.

¶4	On January 9, 2015, the appellant filed an appeal contesting the NOR.  *Id*.  He contended that the Office of Personnel Management (OPM) had found him ineligible because his application was "missing a simple check-box mark for his federal status," and had disregarded the other information and documents provided in his application.  *Id*.  The agency moved to dismiss the appeal, arguing that the proper responding party was OPM, which made the eligibility determination.  IAF, Tab 8.

¶5	The administrative judge denied the motion, finding that the agency was the proper respondent.  IAF, Tab 10.  The administrative judge further noted that there was an issue as to the Board's jurisdiction, because nonselections are generally not appealable to the Board.  *Id*. at 3.  He identified three exceptions to that general rule:

> They are when the unsuccessful candidate claims that the agency's decision was: made in retaliation for his whistleblowing, *see* 5 U.S.C. § 2302(a)(2)(A)(i); the product of discrimination based on uniformed service, *see* 38 U.S.C. §§ 3311 [sic],[3] 4324; or violative of the candidate's veterans' preference rights, *see* 5 U.S.C. § 3330a(d)(1).

*Id*.  The administrative judge, however, did not refer to the Whistleblower Protection Act (WPA), the Uniformed Services Employment and Reemployment Rights Act (USERRA), or the Veterans Employment Opportunities Act (VEOA) by name, or apprise the appellant of his rights and burdens under the pertinent statutes.  The administrative judge also did not mention the appellant's possible appeal rights under the "right to compete" provisions of VEOA.  *See* 5 U.S.C. §§ 3304(f)(1), 3330a(a)(1)(B).  Nor did he make any reference to 5 C.F.R. § 300.104(a), which provides a right to appeal to the Board where a candidate

---

[3] It appears the administrative judge intended to cite 38 U.S.C. § 4311, not section 3311.

believes that an employment practice applied to him by OPM violates the basic requirements of 5 C.F.R. § 300.103. Nonetheless, the administrative judge ordered the appellant to show why his appeal should not be dismissed for lack of jurisdiction. IAF, Tab 10.

¶6 In his response to the order, the appellant explained that he was specifically contesting the denial of his "right to compete" for the CDP. IAF, Tab 12. He further contended that the agency had committed two prohibited personnel practices. First, he argued that by finding him ineligible despite proof of his Federal career status, the agency deceitfully and willfully obstructed his right to compete for employment, in violation of 5 U.S.C. § 2302(b)(4). *Id.* He further alleged that the agency had violated 5 U.S.C. § 2302(b)(11)(B), which provides that it is a prohibited personnel practice to "knowingly fail to take, recommend, or approve any personnel action if the failure to take such action would violate a veterans' preference requirement." *Id.* The agency filed a response in which it argued that none of the three exceptions identified by the administrative judge was applicable here and that the Board therefore lacked jurisdiction over the appeal. IAF, Tab 15.

¶7 On March 4, 2015, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID). He found that, to the extent the appellant was seeking to bring an appeal under VEOA, the Board lacked jurisdiction because the appellant had not shown that he had exhausted his administrative remedy with the U.S. Department of Labor (DOL). *Id.*; 5 U.S.C. § 3330a(d)(1). The administrative judge further found that, in the absence of an otherwise appealable action, the Board did not have jurisdiction to consider the appellant's prohibited personnel practice claims. *Id.*

¶8 On petition for review, the appellant essentially reiterates the arguments set forth in his response to the jurisdictional order. Petition for Review (PFR) File, Tab 1. In its response, the agency argues that the appellant's petition does not meet the criteria for review. PFR File, Tab 3.

**ANALYSIS**

¶9    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). As the administrative judge correctly noted, a nonselection is not directly appealable to the Board.[4] *See Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶ 5 (2008). Furthermore, the appellant's claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(4) and (b)(11) are not themselves independent sources of Board jurisdiction. *Cf. Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). There are, however, several possible situations in which the Board might have jurisdiction to consider a challenge to a nonselection.

¶10   First, under the WPA, as amended, the Board may have jurisdiction over an individual right of action (IRA) appeal alleging that the agency's decision was the result of a prohibited personnel practice under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D). *See* 5 U.S.C. § 1221(a). To establish jurisdiction over an IRA appeal, the appellant must prove that he exhausted his administrative remedies before the Office of Special Counsel, and also make nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).

¶11   Second, under USERRA, the Board may have jurisdiction over a claim that the nonselection was the product of discrimination based on uniformed service.

---

[4] The appellant contends that he is not appealing a nonselection, but rather, the denial of his "right to compete" for the CDP. IAF, Tab 12; PFR File, Tab 1. However, we view an alleged denial of the "right to compete" not as a matter distinct from the resulting nonselection, but rather as a theory under which the nonselection may be challenged. *See Phillips v. Department of the Navy*, 110 M.S.P.R. 184, ¶ 5 (2008).

*See* 38 U.S.C. §§ 4311, 4324.  To establish Board jurisdiction over a USERRA appeal alleging discrimination based on uniformed service, the appellant must: (1) show that he performed duty in a uniformed service of the United States; (2) nonfrivolously allege that he lost a benefit of employment; and (3) nonfrivolously allege that the benefit was lost due to the performance of duty in the uniformed service.  *Hammond v. Department of Veterans Affairs*, 98 M.S.P.R. 359, ¶ 7 (2005).

¶12    Third, under VEOA, the Board may have jurisdiction over a claim that the agency's action violated the appellant's veterans' preference rights.  5 U.S.C. § 3330a(a)(1)(A), (d)(1).  To establish Board jurisdiction over such an appeal, an appellant must:  (1) show that he exhausted his remedy with DOL; and (2) make nonfrivolous allegations that (i) he is a preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after October 30, 1998, and (iii) the agency violated his rights under a statute or regulation relating to veterans' preference.  *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 9 (2003*), overruled on other grounds by Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660 (2005).

¶13    In addition, the Board may have jurisdiction under VEOA to consider a claim that the agency violated 5 U.S.C. § 3304(a)(f)(1), which provides that preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 or more years of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.  5 U.S.C. § 3330a(a)(1)(B), (d)(1).  To establish Board jurisdiction over a "right to compete" appeal under 5 U.S.C. § 3330a(a)(1)(B), an appellant must:  (1) show that he exhausted his remedy with the DOL; and (2) make nonfrivolous allegations that (i) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1), (ii) the actions at issue took place on or after the enactment date of the Veterans' Benefits Improvement Act

of 2004, and (iii) the agency, in violation of 5 U.S.C. § 3304(f)(1), denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010).

¶14    Finally, an appellant may appeal a nonselection if he believes an employment practice applied to him by OPM violates the basic requirements set forth at 5 C.F.R. § 300.103. *See* 5 C.F.R. § 300.104(a). To establish Board jurisdiction under 5 C.F.R. § 300.104(a), an appellant must show the following: (1) that the agency action at issue constitutes an employment practice within the meaning of 5 C.F.R. Part 300, Subpart A; (2) that the employment practice violates the basic requirements of 5 C.F.R. § 300.103; and (3) that OPM is involved in the administration of the employment practice. *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, 696 (2007). The term "employment practice," as defined at 5 C.F.R. § 300.101, includes the development and use of examinations, qualification standards, tests, and other measurement instruments, and is meant to be given a "broad and inclusive meaning." *Dowd v. United States*, 713 F.2d 720, 723 (Fed. Cir. 1983). The basic requirements under 5 C.F.R. § 300.103 are that an employment practice be based on a job analysis, rationally related to performance to be filled, and nondiscriminatory on the basis of race, color, religion, sex, age, national origin, partisan political affiliation, or other nonmerit factor. *Metzenbaum v. General Services Administration*, 96 M.S.P.R. 104, ¶ 13 n.7 (2004).

¶15    An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985). Here, the administrative judge did not inform the appellant, even in broad outline, of what he had to show in order to

establish jurisdiction under any of the authorities discussed above. [5]  *See* IAF, Tab 10.  This error was magnified by the appellant's pro se status.  *See Boughton v. Department of Agriculture*, 94 M.S.P.R. 347, ¶ 4 (2003).  Under these circumstances, we find that the appellant must be provided another opportunity to establish jurisdiction over his appeal.

¶16    Accordingly, we vacate the initial decision and remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.

---

[5] The agency set out the jurisdictional requirements of a VEOA claim under 5 U.S.C. § 3330a(a)(1)(A) in its opposition to the appellant's response to the jurisdictional order.  IAF, Tab 15 at 7.  The Board has held that an appellant may receive notice of his burden of proof on jurisdiction through the agency's motion to dismiss.  *Yost v. Department of Health & Human Services*, 85 M.S.P.R. 273, ¶ 3 (2000), *aff'd*, 4 F. App'x 900 (Fed. Cir. 2001).  In this case, however, the appellant did not have an opportunity to respond to the agency's pleading below, and the clarity of the notice provided by the agency was diminished by the administrative judge's subsequent failure to set out the jurisdictional requirements or correctly cite the pertinent statute in the initial decision.  *See* ID at 4.  Moreover, neither the agency nor the administrative judge made any reference to the appellant's possible "right to compete" VEOA claim under 5 U.S.C. §§ 3304(f)(1) and 3330a(a)(1)(B).